IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** <br> 6824 Lexington Avenue <br> Los Angeles, CA 90038 <br><br> **BUZZFEED INC.,** <br> 111 East 18th Street, 13th Floor <br> New York, NY 10010 <br><br>     **Plaintiffs,** <br><br>     v. <br><br> **U.S. GENERAL SERVICES ADMINISTRATION,** <br> 1800 F Street, NW <br> Washington, D.C. 20405 <br><br>     **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiffs JASON LEOPOLD and BUZZFEED INC., bring this Freedom of Information Act suit to force Defendant U.S. GENERAL SERVICES ADMINISTRATION ("GSA") to produce various records pertaining to the 2020 Presidential Election.

### PARTIES

2. Plaintiffs JASON LEOPOLD and BUZZFEED INC., are members of the media and made the FOIA requests at issue in this case.

3. Defendant U.S. GENERAL SERVICES ADMINISTRATION ("GSA") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

### JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## NOVEMBER 10, 2020, FOIA REQUEST

6. On November 9, 2020, at 9:14 P.M., Plaintiffs submitted a FOIA request to GSA for various records pertaining to the 2020 Presidential Election and its results:

[1] All communications and correspondence, which includes emails, text messages, letters, memos, directives, talking points, reports, sent and received by GSA Administrator Emily Murphy, the deputy administrator, her chief of staff, that mentions or refers to the 2020 presidential election, the results of the 2020 presidential election, the certification of the 2020 presidential election, legal challenges by the Trump campaign to challenge the results of the 2020 presidential election, President-Elect Joe Biden, Vice President-Elect Kamala Harris, President Donald Trump, and the Presidential Transition Act. Please be sure the search for responsive records includes any correspondence between Ms. Murphy and the Executive Office of the President or the White House. That search should also include records received by Ms. Murphy from the eop.gov and who.eop.gov domains;

[2] All communications and correspondence, which includes emails, text messages, letters, memos, directives, talking points, reports, sent and received by the heads of the following GSA offices that mentions or refers to the 2020 presidential election, the results of the 2020 presidential election, the certification of the 2020 presidential election, legal challenges by the Trump campaign to challenge the results of the 2020 presidential election, President-Elect Joe Biden, Vice President-Elect Kamala Harris, President Donald Trump, and the Presidential Transition Act: Office of General Counsel, Strategic Communication, Government-Wide Policy, Congressional and Intergovernmental Affairs, and Chief Information Officer. Please be sure the search for responsive records includes any correspondence between Ms. Murphy and the Executive Office of the President or the White House. That search should also include records received by Ms. Murphy from the eop.gov and who.eop.gov domains;

[3] All records/paperwork prepared by GSA for the Presidential Transition of President-Elect Joe Biden, Vice President-Elect Kamala Harris;

[4] All records prepared by GSA reflecting any decision/ascertainment by the agency not to authorize President-Elect Joe Biden and Vice President-Elect Kamala Harris's transition team not to begin its work.

Exhibit A.

7. Plaintiffs also requested a fee waiver and expedited processing. *Id.*

8. On November 10, 2020, GSA granted a fee waiver and expedited processing.

Exhibit B.

9. On November 10, 2020, GSA acknowledged receipt of the request and assigned reference number GSA-2021-000183 to the matter. Exhibit C.

10. On November 30, 2020, Plaintiffs asked for an estimated completion date of the request, but GSA did not respond. Exhibit D.

11. On December 7, 2020, GSA sought a ten-working-day extension and stated that Plaintiffs can "expect a final reply on or before December 24, 2020." Exhibit E.

12. On December 8, 2020, Plaintiffs asked for clarification on what final reply entails. Exhibit F.

13. On December 8, 2020, GSA stated that Plaintiffs "should expect the agency's production of any responsive documents to [the] FOIA request on/or before December 24th." Exhibit F.

14. On December 22, 2020, GSA stated that the initial search returned a thousand pages and stated that it is "likely looking at this time next week" for the release of records. Exhibit G.

15. On December 28, 2020, Plaintiffs asked GSA whether it is on track to release the records as planned, but GSA never responded. Exhibit H.

16. As of the date of this filing, GSA has not issued a determination and has not produced any records.

**COUNT I - GSA'S FOIA VIOLATION - EXPEDITED PROCESSING**

17. The above paragraphs are incorporated herein.

18. GSA is a federal agency and subject to FOIA.

19. The requested records are not exempt under FOIA.

20. GSA violated FOIA by failing to comply with the requirements of expedited processing. More specifically, GSA has indicated that it expects to provide a final reply by December 24, 2020, but GSA has yet to provide the final determination. Further, the presumptive

deadline to complete processing of an expedited request is 20 business days and GSA has not shown that the presumptive deadline is not feasible.

### COUNT II – GSA'S FOIA VIOLATION – FAILURE TO ISSUE A DETERMINATION OR PRODUCE RECORDS

21. The above paragraphs are incorporated herein.

22. GSA is a federal agency, subject to FOIA.

23. The requested records are not exempt under FOIA.

24. GSA violated FOIA by failing to produce the requested records as soon as practicable or issuing a determination within twenty business days.

**WHEREFORE**, Plaintiffs ask the Court to:

i. declare that GSA has violated FOIA;

ii. order GSA to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin GSA from withholding non-exempt public records under FOIA;

iv. award Plaintiffs attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: January 5, 2021

- 5 -

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorney for Plaintiff
JASON LEOPOLD,
BUZZFEED INC.

Matthew Topic, D.C. Bar No. IL 0037
Joshua Burday, D.C. Bar No. IL 0042
Merrick Wayne, D.C. Bar No. IL 0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com